KORY *v.* LESS.

Opinion delivered October 26, 1931.

W. E. Beloate, Jr., W. E. Beloate and Robt. C. Powell, for appellant.

Smith & Blackford and G. M. Gibson, for appellee.

HUMPHREYS, J. On November 11, 1929, this court reversed a decree of the chancery court of Lawrence County for and in the eastern district thereof awarding damages against appellant for waste, and remanded the cause with dilections to enter a decree in accordance with the opinion. The case is reported in the 180th Ark. at page 342 [22 S. W. (2d) 25], and, in order that the issues on this appeal may be better understood, reference is made to the statement of facts and opinion on the original appeal. On remand of the cause, the receiver filed a final report containing many items of debit and credit, and this appeal involves the correctness of the ruling of the trial court relative to four of the items contained in the report.

First, the court refused to allow appellant herein credit for $901.34 which the receiver expended out of the rents for repairs on the property.

Second, the court refused to credit appellant with the money expended by the receiver for making a survey of the lands.

Third and fourth, the court charged appellant with one-half of the amounts paid Mamie McKenzie for clerical work and W. M. Ponder for legal services in the preparation of the final report.

(1) It is first contended that the item of $901.34 was allowed to her by this court on the original appeal of the case. We find nothing in the opinion relating to the item and nothing bearing out the construction placed upon it by appellant. It is true the judgment against her

for waste was reversed, but in doing so this court did not award her a judgment for amounts which the receiver had expended in making repairs upon the plantation. The weight of the evidence sustains the chancellor in his finding to the effect that the repairs covered by the item in question were for the benefit of the life estate of appellant, and not for the benefit of the reversionary estate of the appellee. They were for reroofing houses and barns and clearing drainage ditches on the property, which, in their nature, were necessary for the preservation of the property and in keeping with good husbandry.

(2). The item of surveying, according to the weight of the evidence, was necessary in order to properly collect the rents, and appellant was not entitled to a credit for one-half of the amount thus expended.

(3 and 4). The receiver, according to the record, was a capable farmer, but not in any sense an accountant. The management of the plantation involved many items of expense as well as many items of collection. It is apparent from reading the record that the receiver needed some clerical help as well as the advice of an attorney in preparing his final report, and we think the allowances made to the receiver were proper expenses of receivership and very reasonable. He was allowed $107 for clerical help and $25 for attorney's fees, one-half of which was charged against appellant.

No error appearing, the decree is affirmed.